**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**November 7, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

_____

JAMES SPRINGER,

    Plaintiff - Appellant,

v.

SEVENTH JUDICIAL DISTRICT
COURT; MERCEDES MURPHY;
SHANNON MURDOCK-POFF; JASON
JONES; SUSAN ROSSIGNOL,

    Defendants - Appellees.

No. 24-2174
(D.C. No. 1:23-CV-00499-MIS-JMR)
(D. N.M.)

_____

### ORDER AND JUDGMENT[*]
_____

Before **HARTZ**, **MORITZ**, and **EID**, Circuit Judges.
_____

Plaintiff James Springer appeals the district court's dismissal of his complaint

against a state court and four individuals sued in their individual capacities: two

judges on the court, the court's executive officer, and a court clerk (the Individual

Defendants). Springer asserted claims for declaratory and injunctive relief arising

under 42 U.S.C. § 1983 and a state-law claim under the New Mexico Civil Rights

Act, N.M. Stat. Ann. § 41-4A-1 et seq. Section 1983 does not, however, authorize

claims for injunctive and declaratory relief against individuals in their personal

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

capacities, and the claims against the state court are barred by sovereign immunity under the Eleventh Amendment. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the dismissal of the complaint by the United States District Court for the District of New Mexico.

## I.    BACKGROUND

On review of the district court's dismissal, we accept as true the well-pleaded factual allegations of Springer's second amended complaint and also consider the contents of the exhibits attached to the complaint and incorporated by reference. *See Commonwealth Prop. Advocs., LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1201 (10th Cir. 2011).

Springer is a self-described independent investigative journalist who produces social-media content intended to expose government fraud, waste, and abuse. Chief Judge Mercedes Murphy of the New Mexico Seventh Judicial District Court issued an Administrative Order banning Springer from entering the Torrance County District Courthouse unless he had specific court business and was escorted by law enforcement. The Administrative Order was delivered to Springer with a letter from the Seventh District Executive Officer, Jason Jones, which stated that Springer had harassed court staff. A few weeks later Chief Judge Murphy entered an Amended Administrative Order covering other courthouses in the Seventh District after Jones reported that Springer had been disruptive and threatening in a second courthouse.

After the Amended Administrative Order was issued, Chief Judge Murphy and Judge Shannon Murdock-Poff prevented Springer from attending public hearings in

2

person and by video. And clerk Susan Rossignol did not allow Springer to inspect public records in the clerk's office and required police presence when Springer entered a courthouse. Also, Rossignol, acting at the direction of Chief Judge Murphy, falsely reported to the New Mexico State Police that Springer was an armed threat, and all Defendants conspired to have YouTube remove one of his videos.

The second amended complaint asserted four counts: (1) a First Amendment viewpoint-discrimination claim, brought under 42 U.S.C. § 1983, against Chief Judge Murphy and Judge Murdock-Poff; (2) a First Amendment retaliation claim, brought under 42 U.S.C. § 1983, against all Defendants; (3) a Fourteenth Amendment due-process claim, brought under 42 U.S.C. § 1983, apparently against only the Individual Defendants; and (4) a claim of violations of the New Mexico Bill of Rights, brought under the New Mexico Civil Rights Act, against the Seventh District. Springer sought declaratory and injunctive relief against all Defendants and damages from the Seventh District.

The district court dismissed the complaint but granted Springer leave to amend Counts I, II, and III to name Chief Judge Murphy in her official capacity. Springer appealed the dismissal, but we dismissed the appeal for lack of a final order. *See Springer v. Seventh Jud. Dist. Ct.*, No. 24-2087, 2024 WL 4976323 (10th Cir. Oct. 31, 2024). Back in district court, Springer announced his intention to stand on the second amended complaint and requested a final judgment, which the district court issued. He then filed this appeal.

3

## II.     DISCUSSION

We review de novo the dismissal of a complaint for failure to state a claim. *See Commonwealth Prop. Advocs., LLC*, 680 F.3d at 1201. We "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Id.* at 1202 (internal quotation marks omitted). We also review de novo a district court's determination of state sovereign immunity. *See Frank v. Lee*, 84 F.4th 1119, 1131 (10th Cir. 2023), *cert. denied*, 144 S. Ct. 1349 (2024). On appeal "we can affirm the district court's ruling on any ground adequately supported in the record." *Shaw v. Patton*, 823 F.3d 556, 568 n.19 (10th Cir. 2016).

We address Springer's claims against the judges and employees first, and then we address the claims against the Seventh Judicial District.

### A.     The Individual Defendants

In the three counts against the Individual Defendants, Springer sought declaratory and injunctive relief only "for actions taken individually under the color of law." Aplt. App. at 75–76. The district court read the second amended complaint as suing the individuals only in their personal capacities, and Springer has not contested that reading. Yet, "[u]nder § 1983, a plaintiff cannot sue an official in their individual capacity for injunctive or declaratory relief." *Chilcoat v. San Juan County*, 41 F.4th 1196, 1214 (10th Cir. 2022).

4

Because we hold that the claims were improperly asserted against the Individual Defendants in their individual capacities, we need not address the other grounds relied on by the district court in dismissing Counts I, II, and III.

## B.　The Seventh Judicial District

Springer also asserted a claim against the Seventh Judicial District. The Eleventh Amendment, however, implicitly recognizes state sovereign immunity, which "ordinarily bars federal-court jurisdiction over private suits against a state by citizens of the state." *Pettigrew v. Oklahoma ex rel. Okla. Dep't of Pub. Safety*, 722 F.3d 1209, 1212 (10th Cir. 2013); *see Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (Eleventh Amendment immunity applies "regardless of the nature of the relief sought."). This rule extends to "arms of the state." *Ambus v. Granite Bd. of Educ.*, 995 F.2d 992, 994 (10th Cir. 1993) (en banc) (internal quotation marks omitted). New Mexico district courts, including the Seventh Judicial District, are arms of the state, so they are entitled to sovereign immunity. *See Collins v. Daniels*, 916 F.3d 1302, 1316 (10th Cir. 2019).

Eleventh Amendment immunity can be overcome only if it is (1) abrogated by Congress or (2) waived by the state. *See Pettigrew*, 722 F.3d at 1212. Springer argues that both of these exceptions to immunity are satisfied here. He is incorrect.

First, Springer contends that Congress abrogated state sovereign immunity by enacting 28 U.S.C. § 1367(a), which provides a federal district court with supplemental jurisdiction over state-law claims that are sufficiently related to claims in the case that are within the original jurisdiction of the federal court. But the

Supreme Court has declared that the supplemental-jurisdiction statute "does not extend to claims against nonconsenting state defendants." *Raygor v. Regents of Univ. of Minn.*, 534 U.S. 533, 541–42 (2002).

Second, Springer argues that New Mexico waived immunity. The test for "whether a State has waived its immunity from federal-court jurisdiction is a stringent one." *Sossamon v. Texas*, 563 U.S. 277, 284 (2011) (internal quotation marks omitted). Waiver must be "unequivocally expressed," and the scope of waiver is "strictly construed." *Id.* at 284–85 (internal quotation marks omitted). In particular, "a State's consent to suit in its own courts is not a waiver of its immunity from suit in federal court." *Id.* at 285. Instead, the waiver "must specify the State's intention to subject itself to suit in *federal court*." *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985), *superseded by statute on other grounds as stated in Lane v. Pena*, 518 U.S. 187, 198 (1996).

Springer contends that § 41-4A-9 of the New Mexico Civil Rights Act contains the waiver. The Act "creates a private right of action to enforce the rights guaranteed under the Bill of Rights of the New Mexico Constitution." *City of Roswell v. Sanchez-Gagne*, No. S-1-SC-40437, 2025 WL 1821706, at *3 (N.M. July 2, 2025). It provides:

> *The state shall not have sovereign immunity for itself or any public body within the state for claims brought pursuant to the New Mexico Civil Rights Act*, and the public body or person acting on behalf of, under color of or within the course and scope of the authority of the public body provided pursuant to the New Mexico Civil Rights Act shall not assert sovereign immunity as a defense or bar to an action.

N.M. Stat. Ann. § 41-4A-9 (2021) (emphasis added). As noted above, however, to waive Eleventh Amendment immunity in federal court, a state statute "must specify the State's intention to subject itself to suit in *federal court*." *Atascadero State Hosp.*, 473 U.S. at 241. Thus, "a general waiver of sovereign immunity, apparently indeterminate in its scope or locus of effect, [is] insufficient." *Griess v. Colorado*, 841 F.2d 1042, 1044 (10th Cir. 1988). Yet § 41-4A-9 is no more than such a general waiver. *See* N.M. Stat. Ann. § 41-4A-9 (2021). It says nothing about suits in federal courts. *See id.* § 41-4A-3(B) (2021). The statute falls short of the "unequivocal[] express[ion]" that federal law requires to find that the State waived Eleventh Amendment immunity in federal court. *Sossamon*, 563 U.S. at 284–85.

Finally, we note that the district court addressed the state-law claim even though all the federal claims were being dismissed before trial. This was not necessary. "[D]istrict courts may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). And we generally frown on the practice of resolving supplemental state-law claims after the federal claims have been dismissed pretrial, largely because of concerns of comity and federalism. *See Bauchman v. W. High Sch.*, 132 F.3d 542, 549–50 (10th Cir. 1997). Here, however, the district court dismissed the state-law claim on a federal-law basis—immunity under the Eleventh Amendment. Comity and federalism are not implicated. The dismissal by the district court was eminently proper. We note that the dismissal on this ground does not foreclose bringing the claim in state court.

## III.    CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court's order dismissing the case.

Entered for the Court

Harris L Hartz
Circuit Judge